UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| CHRISTOPHER HOLSINGER, | : Case No. 3:25-cv-31 |
| Plaintiff, | : |
| vs. | : District Judge Thomas M. Rose |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| GREENE COUNTY COMMON PLEAS COURT, | : |
| Defendant. | : |

## ORDER and REPORT AND RECOMMENDATIONS[1]

This matter is before the Court upon *pro se* Plaintiff Christopher Holsinger's Motion for Leave to Proceed *in forma pauperis*. (Doc. #1). Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. #1) is **GRANTED**.

This matter is also before the Court *sua sponte* for an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action.

### I. PLAINTIFF'S COMPLAINT

Plaintiff brings this action under 42 U.S.C. § 1983 against a single defendant, Greene County Common Pleas Court, for violations of his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments. (Doc. #1-2, *PageID* #s 5, 11). According to Plaintiff, on October 23, 2024, he was arrested for a bond violation. *Id.* at 15. Plaintiff alleges that on two separate occasions, he was taken to court for sentencing but, when Plaintiff refused to agree to the deal

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

proposed by the judge, the sentencings were reset. *Id.* After his case was transferred to a different judge, Plaintiff was released from jail on January 28, 2025. *Id.* Plaintiff alleges that he lost his house, truck, job, and kid. *Id.* at 17. Finally, in his prayer for relief, Plaintiff requests five million dollars. *Id.*

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint upon finding (1) the claims are frivolous or malicious; (2) it fails to state a claim upon which relief may be granted; or (3) it seeks monetary relief from a defendant who is immune from such relief. It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In conducting this initial review, the Court accepts Plaintiff's allegations as true and construes them liberally in his favor. *See Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at *1 (6th Cir. Apr. 5, 1985) (stating that, "[w]hen considering a *pro se* action for dismissal pursuant to 28 U.S.C. § 1915(d), the complaint should be liberally construed and the allegations of the complaint must be taken as true and construed in favor of the plaintiff"). However, while *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III. DISCUSSION

The sole named Defendant in this action is the Greene County Common Pleas Court. However, common pleas courts are not *sui juris*, meaning they cannot sue or be sued. *See*

*Cimerman v. Cook*, 561 F. App'x 447, 450 (6th Cir. 2014) (common pleas courts are not *sui juris*); *see also Haugh v. Tuscarawas Cnty. Ct. of Common Pleas,* No. 5:23 CV 84, 2023 WL 1070239, at *1 (N.D. Ohio Jan. 27, 2023); *Evans v. Cordray*, No. 2:09-CV-587, 2012 WL 1021698, at *3 (S.D. Ohio Mar. 26, 2012) ("[I]t is not proper to make a court a defendant. Courts are not persons within the meaning of 42 U.S.C. § 1983.") (citation omitted). Accordingly, Plaintiff's complaint does not state a claim upon which relief can be granted and is subject to dismissal under 28 U.S.C. § 1915(e)(2).

**IT IS THEREFORE ORDERED THAT**:

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. #1) is **GRANTED**.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2);

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997); and

3. The case be terminated on the Court's docket.

February 5, 2025

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).